3005983-LRB/JCN                                              ARDC: 6278120

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TAMMY A. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   07 CV 6223 |
| ) | |
| CALUM MACDONALD, Individually ) | |
| and as agent of WESTERN EXPRESS, ) | |
| INC., a foreign corporation, ) | |
| and WESTERN EXPRESS, INC., ) | |
| a foreign corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS WESTERN EXPRESS, INC. and CALUM MACDONALD's
ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, by their attorneys, LEW R.C. BRICKER, JOHN C. NEEL and SMITHAMUNDSEN LLC, and for their Answer and Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

### Count I

### <u>Tammy A. Roberts v. Calum MacDonald</u>

1.   That on October 30, 2005, I-90 was a public roadway generally extending in a northerly and southerly direction at or near its location in the City of Chicago, Cook County, Illinois.

**ANSWER:**

**Defendant MACDONALD admits the allegations contained in Paragraph I of Count I.**

2. That on October 30, 2005, Madison Street was a public roadway generally running in an easterly and westerly direction at or near its location in the City of Chicago, Cook County, Illinois.

ANSWER:

**Defendant MACDONALD admits the allegations contained in Paragraph 2 of Count I.**

3. That on October 30, 2005, TAMMY A. ROBERTS, operated a certain motor vehicle in a northerly direction along and upon I-90, at approximately 500 feet south of its intersection with Madison Street in the City of Chicago, Cook County, Illinois

ANSWER:

**Defendant MACDONALD admits the allegations contained in Paragraph 3 of Count I.**

4. That on October 30, 2005, the Defendant, CALUM MACDONALD, operated a certain motor vehicle in a northerly direction along and upon I-90, at approximately 500 feet south of its intersection with Madison Street in the City of Chicago, Cook County, Illinois.

ANSWER:

**Defendant MACDONALD admits the allegations contained in Paragraph 4 of Count I.**

5. That on October 30, 2005, a collision occurred on I-90, at approximately 50 feet south of its intersection with Madison Street in the City of Chicago, Cook County, Illinois.

ANSWER:

**Defendant MACDONALD admits that on October 30, 2005, the plaintiff struck him from behind on I-90 south of its intersection with Madison Street in the City of Chicago, Cook County, Illinois. Defendant MACDONALD denies the remaining allegations of Paragraph 5 of Count I and each of them.**

6. Said collision occurred between the vehicles operated by the Plaintiff, TAMMY A. ROBERTS, and the Defendant, CALUM MACDONALD, wherein the Defendant CALUM MACDONALD was traveling in the right northbound lane of I-90, suddenly and without warning passed into the lane of the vehicle operated by the Plaintiff, TAMMY A. ROBERTS and suddenly then and there stepped on this brakes, causing Plaintiff to collide with the rearend of Defendant's vehicle.

**ANSWER:**

**Defendant MACDONALD admits that plaintiff struck him from behind while traveling on northbound I-90. Defendant MACDONALD denies the remaining allegations of Paragraph 6 of Count I and each of them.**

7. That on October 30, 2005, the Defendant CALUM MACDONALD owed a duty to Plaintiff, TAMMY A. ROBERTS, to exercise ordinary and reasonable care in the operation of his motor vehicle.

**ANSWER:**

**Defendant MACDONALD states that duties arise by operation of law and not by allegation of the pleader. Defendant admits that the plaintiff has correctly articulated the duty under the law, and therefore, admits the allegations contained in Paragraph 7 of Count I.**

8. That Defendant CALUM MACDONALD breached that duty he owed to Plaintiff, TAMMY A. ROBERTS, and was negligent in one or more of the following respects:

   a. Failed to maintain control over the operation of his motor vehicles so as to cause him to slam on his brakes after overtaking the vehicle operated by the Plaintiff, TAMMY A. ROBERTS;

   b. Failed to maintain a proper lookout for other vehicles traveling on the road;

   c. Failed to exercise due care with respect to other persons or vehicles on the highway in violation of 625 ILCS 5/11-601(a);

d.  Failed to driver entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety, contrary and in violation of 625 ILCS 5/11-709(a);

e.  Failed to take into consideration the safety of other persons or property contrary to and in violation of 625 ILCS 5/11-503;

f.  Failed to use proper lane usage contrary to and in violation of 625 ILCS 5/11-702; and

g.  Otherwise operated his motor vehicle in a negligent and careless manner so as to cause injury to the Plaintiff TAMMY A. ROBERTS.

**ANSWER:**

**Defendant MACDONALD denies the allegations contained in Paragraph 8 of Count I, including sub-paragraphs a, b, c, d, e, f, and g, and each of them.**

9.  That as a direct and proximate result of one or more of the foregoing negligent acts and/or omission by the Defendant CALUM MACDONALD, the Plaintiff, TAMMY A. ROBERTS, was and has become bodily injured, both internally and externally; has suffered and will in the future suffer future pain; has been permanently scarred and disabled; has become obligated for large sums of money for medical care and will in the future become obligated for large sums of money for medical care; has lost money that would have otherwise been earned by her; and has an impaired earning capacity.

**ANSWER:**

**Defendant MACDONALD denies the allegations contained in Paragraph 9 of Count I.**

WHEREFORE, Defendant, CALUM MACDONALD, denies that the plaintiff is entitled to judgment in any sum and prays that her suit be dismissed with prejudice with the costs of the suit taxed to the plaintiff.

## Count II

### Tammy A. Roberts v. Western Express, Inc.

1-9.    Plaintiff TAMMY A. ROBERTS, restates and realleges paragraphs 1 through 9 of Count I as paragraphs 1 through 9 of this Count II.

ANSWER:

**Defendant, WESTERN EXPRESS, INC., adopts Defendant CALUM MACDONALD's answers to Paragraphs 1-9 of Count I and reasserts them here as Defendant WESTERN EXPRESS' answers to Paragraphs 1-9 of Count II.**

11.(sic) On October 30, 2005 the vehicle being operated by Defendant CALUM MACDONALD, was owned by Defendant, WESTERN EXPRESS, INC.

ANSWER:

**Defendant, WESTERN EXPRESS, INC., admits the allegations contained in Paragraph 11 of Count II.**

12.    While Defendant, CALUM MACONDALD, was operating said vehicle on October 30, 2005, he was doing so as an agent and/or employee of Defendant WESTERN EXPRESS.

ANSWER:

**Defendant, WESTERN EXPRESS, INC., states that Plaintiff has improperly pled conclusions of law. Defendant WESTERN EXPRESS, INC., admits that MACDONALD was operating a tractor-trailer unit as an employee of WESTERN EXPRESS, INC. Defendant, WESTERN EXPERSS, INC., denies the remaining allegations of Paragraph 12 of Count II and each of them.**

WHEREFORE, Defendant WESTERN EXPRESS, INC., denies that the plaintiff is entitled to judgment in any sum and prays that her suit be dismissed with prejudice with the costs of the suit taxed to the plaintiff.

### DEFENDANTS WESTERN EXPRESS, INC. AND CALUM MACDONALD'S AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

NOW COME the Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, by their attorneys, LEW R.C. BRICKER, JOHN C. NEEL and SMITHAMUNDSEN LLC, and for their Affirmative Defenses to the Plaintiffs' Complaint at Law, pleading hypothetically and in the alternative, state as follows:

### FIRST AFFIRMATIVE DEFENSE
### Comparative Fault of TAMMY A. ROBERTS

1. That at the time and place complained of in Plaintiff's Complaint at Law, plaintiff, TAMMY A. ROBERTS ("ROBERTS") committed one or more of the follows acts of contributory negligence or omissions which were a contributing cause and/or the sole cause of the plaintiff's alleged injuries:

    a.    Operated a motor vehicle at an excessive rate of speed under the circumstances;

    b.    Failed to reduce the speed of her vehicle when a special hazard existed with respect to other traffic, contrary to the provision of 625 ILCS 5/11-601(a);

    c.    Failed to keep a proper lookout ahead of her vehicle, when ROBERTS knew or in the exercise of reasonable care should have known that someone would likely be injured thereby;

    d.    Followed the defendants' vehicle more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon the roadway, contrary to the provisions of 625 ILCS 5/11-710(a);

    e.    Drove her vehicle at a rate of speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the roadway so as to endanger the safety of persons or property thereon, including the defendant

        MACDONALD herein, contrary to the provision of 625 ILCS 5/11-601(a);

f. Failed to apply the brakes of her vehicle when it was reasonably necessary to do so in order to avoid the said collision, and when ROBERTS knew or in the exercise of reasonable care should have known that someone would likely be injured thereby;

g. Failed to reduce the speed of her vehicle as necessary to avoid colliding with the defendant herein who was on the roadway and in compliance with legal requirements and duty to use due care;

h. Failed to keep her vehicle under proper control when it was reasonably necessary to do so in order to avoid the said collision, and when ROBERTS knew or in the exercise of reasonable care should have known that someone would likely be injured thereby;

i. Operated her vehicle upon the said roadway without having said vehicle equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the said brakes, contrary to the provisions of 625 ILCS 5/12-301(a)(1);

j. Failed to have all of the brakes on her vehicle maintained in good working order and so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the said vehicle, contrary to the provisions of 625 ILCS 5/12-301(b)(5);

k. Failed to yield the right of way;

l. Failed to properly use lanes; and

m. Was otherwise careless or negligent.

2. As a direct and proximate result of one or more of the foregoing, ROBERTS caused the alleged injuries and damages complained of in plaintiff's Complaint.

3.  In the event that ROBERTS' conduct is determined to have exceeded 50% of the proximate cause of the plaintiff's alleged injuries and/or damages, then the plaintiff will be barred from recovery from defendant.

4.  In the event that ROBERTS' conduct is determined to have been 50% or less of the proximate cause of the plaintiff's alleged injuries and/or damages, then the plaintiff's recovery must be proportionately reduced.

WHEREFORE, the Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, deny that the plaintiff is entitled to judgment in any sum and prays that the plaintiff's Complaint at Law be dismissed with prejudice with the costs of the suit taxed to plaintiff. Defendants further pray that if the trier of fact finds in favor of the plaintiff and against the Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, on the question of liability, that any award of damages to the plaintiff be reduced or barred commensurate with that degree of contributory negligence attributable to the plaintiff, in causing her own injuries and/or damages.

### SECOND AFFIRMATIVE DEFENSE

**Apportionment**

1.  That at the time and place complained of in the plaintiff's Complaint at Law, the plaintiff, was under a duty to exercise ordinary care for her own safety and for the safety of others.

2.  That Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, deny that they are liable to the plaintiff in any amount whatsoever.

3. If, however, the jury determines that Defendants, WESTERN EXPRESS, INC., and/or CALUM MACDONALD, are liable, Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, request an apportionment of liability between parties, non-parties and other found to be liable and that a determination be made as to the relative fault between those entities.

WHEREFORE, the Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, deny that the plaintiff is entitled to judgment in any sum, but if, however, the jury determines that Defendants, WESTERN EXPRESS, INC. and/or CALUM MACDONALD, are liable, Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, request an apportionment of liability between the parties, non-parties and others found to be liable and that a determination be made as to the relative fault between those parties.

### THIRD AFFIRMATIVE DEFENSE
### 735 ILCS 5/2-1117

1. That at the time and place complained of in the plaintiff's Complaint at Law, the plaintiff was under a duty to exercise ordinary care for the safety of all those in around her..

2. That Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, deny that they are liable to the plaintiff in any amount whatsoever.

3. That 735 ILCS 5/2-1117 provides any defendant in an action based on negligence whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the parties and any other party who could have been sued by the plaintiff, is required to pay the plaintiff only the percentage of damages equal to his percentage of fault, except that all defendants found liable to the plaintiff are jointly and severally liable for certain expenses.

4.　　If, however, the trier of fact determines that Defendants, WESTERN EXPRESS, INC. and/or CALUM MACDONALD, are liable, Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, request an apportionment of liability between the plaintiff, non-parties, and others found liable and that a determination be made as to the relative fault between those entities.

5.　　If Defendants WESTERN EXPRESS, INC. and/or CALUM MACDONALD's liability is less than 25% of the total fault, Defendants, WESTERN EXPRESS, INC. and/or CALUM MACDONALD, shall be severally liable for all the damages other than certain expenses pursuant to 735 ILCS 5/2-1117.

WHEREFORE, the Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, deny that they are liable to the plaintiff in any amount whatsoever. If, however, the jury determines that Defendants, WESTERN EXPRESS, INC. and/or CALUM MACDONALD, are liable, Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD, request an apportionment of liability between those parties, non-parties, the plaintiff and others found liable and that a determination be made as to relative fault between those entities, and if Defendants, WESTERN EXPRESS, INC. and/or CALUM MACDONALD's liability is less than 25% of the total fault, Defendants, WESTERN EXPRESS, INC. and/or CALUM MACDONALD shall be severally liable for all damages other than certain related expenses pursuant to 735 ILCS 5/2-1117.

    Respectfully Submitted

    SMITHAMUNDSEN LLC

    By:  S/ John C. Neel
           John C. Neel

Lew R. C. Bricker, Esq.
John C. Neel, Esq.
Attorneys for Defendants,
Calum MacDonald and Western
Express, Inc.
SMITHAMUNDSEN LLC
150 N. Michigan Ave., Ste. 3300
Chicago, Illinois 60601
(312) 894-3200