

3005983-LRB/JCN   ARDC: 6278120

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TAMMY A. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   07 CV 6223 |
| ) | |
| CALUM MACDONALD, Individually ) | |
| and as agent of WESTERN EXPRESS, ) | |
| INC., a foreign corporation, ) | |
| and WESTERN EXPRESS, INC., ) | |
| a foreign corporation, ) | |
| ) | |
| Defendants. ) | |

### SCHEDULING ORDER

This matter coming before the Court and the Court having reviewed the parties' Report of Parties' Planning Meeting, due notice being given and the Court being fully advised in the premises, it is hereby ordered that:

**Discovery Dates:**

- Pre-Discovery Disclosures. The parties will exchange by **February 4, 2008** the information required by Fed. R. Civ. P. 26(a)(1).

- Non-medical fact discovery is to be completed by **July 1, 2008.**

- Medical fact discovery is to be completed by **September 5, 2008.**

- Plaintiff is to disclose expert's reports and supporting documentation by **November 3, 2008.**

- The depositions of plaintiff's expert(s) are to be completed by **December 15, 2008.**

- Defendants are to disclose experts' reports and supporting documentation by **February 13, 2009.**

- The Depositions of defendant's expert(s) are to be completed by **March 9, 2009.**

1

- Plaintiff is to disclose rebuttal expert's reports and supporting documentation by **April 10, 2009.**

- The Depositions of plaintiff's rebuttal expert(s) are to be completed by **May 8, 2009.**

- The last date for completion of discovery shall be **May 8, 2009.**

Issuance of Discovery:

- Maximum of thirty (30) interrogatories by each party to any other party.

- Maximum of thirty (30) requests for admission by each party to any other party.

- Maximum of ten (10) fact/non-expert depositions by plaintiff and ten (10) depositions fact/non-expert by defendants.

- Each deposition limited to maximum of seven (7) hours in accord with Federal Rule of Civil Procedure 30(d)(2) unless extended by agreement of parties or by order of court.

- Disclosure or discovery of electronically stored information should be handled as follows: The parties have addressed ESI and determined that no issues arise requiring special administration of electronic discovery.

- The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: If there is inadvertent disclosure, the parties agree to advise the opposing counsel within five days of discovery, to return the materials, and not to rely on them.

Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed by **June 8, 2009.** Counsel stipulates that a failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

Supplementations under Rule 26(e) due as soon as the new information is discovered or received.

The last date for the filing of all potentially dispositive motions is **June 30, 2009.**

The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.

This matter is set for final pretrial conference on **September 12, 2009, at 1:30 p.m.**

This matter is set for trial on **September 21, 2009, at 9 a.m.**

Date: 1-24-08

_____
United States Distrcit Court Judge, John W. Darrah