3005983-LRB/JCN                                                    ARDC: 6278120

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TAMMY A. ROBERTS,            ) | |
| )| |
| Plaintiff,          ) | |
| ) | |
| v.                           ) | No.   07 CV 6223 |
| ) | |
| CALUM MACDONALD, Individually ) | |
| and as agent of WESTERN EXPRESS, ) | |
| INC., a foreign corporation,  ) | |
| and WESTERN EXPRESS, INC.,    ) | |
| a foreign corporation,        ) | |
| ) | |
| Defendants.         ) | |

### QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA

This matter coming to be heard on the Motion of Defendants, WESTERN EXPRESS, INC. and CALUM MACDONALD for the entry of a Qualified Protective Order, due notice being given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

1.      The current parties, their attorneys and any future parties to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to the plaintiff, TAMMY A. ROBERTS to the extent and subject to the conclusions outlined in this Order.

2.      For the purposes of this Qualified Protective Order, protected health information shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 160.501. Without limiting the generality of the foregoing, personal health information includes, but is not limited

to, health information, including demographic information, relating to either (a) the past, present or future physical or medical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" as defined by 45 C.F.R. 160.103 are hereby authorized to disclose personal heath information pertaining to the plaintiff, TAMMY A. ROBERTS, to all attorneys now of record in this matter or who may become of record in the future of this litigation via production of records, reproduction of records, deposition, or other legally recognized manner.

4. The parties and their attorneys shall be permitted to use the personal health information of the plaintiff, TAMMY A. ROBERTS, in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, a disclosure to the parties, their attorneys of record, the attorneys' firms (i.e. attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, Court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. The conclusion of the litigation, which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted, any person or entity in possession of personal health information pertaining to the plaintiff, TAMMY A. ROBERTS, other than the person or entity that generated the personal health information, shall destroy any and all copies of the personal health information in their possession.

6.  This Order shall not control or limit the use of protected health information pertaining to the plaintiff, TAMMY A. ROBERTS, that comes into the possession of any party or any party's attorney from a source other than a "covered entity," as that term is defined in 45 C.F.R 160.103.

7.  This Order is subject to Section 10 of the Mental Health Act and does not apply to exempted records pertaining to HIV.

SmithAmundsen LLC
Attorneys for Defendant(s)
150 North Michigan Ave.
Suite 3300
Chicago, Illinois 60601
(312) 894-3200
ARDC No.: 6278120
jneel@salawus.com

DATED: _____

ENTERED: _____